## Case No. 14,936.

UNITED STATES v. DE GRIEFF et al.

[16 Blatchf. 20.] [1]

Circuit Court, S. D. New York. Feb. 15, 1879.

CUSTOMS DUTIES — INDICTMENT FOR CONCEALING AND DESTROYING PAPERS—COMMISSION OF FRAUD.

1. An indictment for a violation of section 5440 of the Revised Statutes of the United States, charged that the defendants conspired to commit an offence against the United States, that is, to wilfully conceal and destroy certain papers relating to certain merchandise called dress trimmings, liable to duty, which had been theretofore imported and brought into the United States, and the port of New York, from a foreign port, by A., for the purpose of suppressing certain evidence of fraud therein contained, describing the papers and averring that they contained statements from the consignors of A., addressed to and received by him in the due course of his business, showing that said merchandise had been knowingly and fraudulently entered and passed through the custom house at New York, on a false classification thereof as to value, and by the payment of less than the duty legally due to the United States, and which papers were material and important evidence for the United States in any proceedings because of said fraudulent entry, and alleging various acts charged to have been done to effect the object of the conspiracy. On a motion to quash the indictment, it was objected, that it was bad for uncertainty, because it omitted to state facts showing the commission of a fraud upon the United States in connection with the importation of the merchandise, and because the contents of the papers were not so stated as to enable the court to see that they contain-

1 [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

ed evidence of that fraud: *Held*, that the indictment was sufficient.

2. By section 5443 of the Revised Statutes, it is made an offence to conceal or destroy papers of the description given in said indictment. What it would be necessary to aver and prove on an indictment under section 5443, quere.

3. The case of U. S. v. Cruikshank, 92 U. S. 542, commented on and distinguished.

4. The defendants, though indictable under section 5443, not having been indicted thereunder, may be indicted under section 5440.

[This was an indictment against Anthony De Grieff and others for concealing and destroying papers relating to certain merchandise, liable to duty, for the purpose of concealing evidences of fraud against the United States.]

William P. Fiero, U. S. Asst. Dist. Atty.

Robert S. Green and Aaron J. Vanderpoel, for defendants.

BENEDICT, District Judge. This case comes before the court on a motion to quash the indictment. The provision of law under which the indictment is framed is to be found in section 5440 of the Revised Statutes, where it is provided, that, "if two or more persons conspire either to commit any offence against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not less than one thousand dollars and not more than ten thousand dollars, and to imprisonment not more than two years." Under this section, it is sought, by the present indictment, to charge the defendants with having conspired to commit one of the offences against the United States which are created by section 5443 of the Revised Statutes. The language of that section is as follows: "Every person who wilfully conceals or destroys any invoice, book or paper relating to any merchandise liable to duty, which has been or may be imported into the United States from any foreign port or country, after an inspection thereof has been demanded by the collector of any collection district, or at any time conceals or destroys any such invoice, book or paper, for the purpose of suppressing any evidence of fraud therein contained, shall be punished by a fine of not more than five thousand dollars, or by imprisonment not more than two years, or both."

The first count charges, that, at a certain time and place, the defendants conspired to commit an offence against the United States, that is to say, to wilfully conceal and destroy certain papers relating to certain merchandise called dress trimmings, liable to duty, which had been theretofore imported and brought into the United States and the port and collection district of New York, from a foreign port, by the firm of A. De Grieff & Co., for the purpose of suppressing certain evidence of fraud against the United States, therein contained. Then follows a description

of the papers referred to, coupled with the averment, that said papers contained statements from the correspondents, consignors, and purchasing agents of the said firm of A. De Grieff & Co., addressed to and received by said firm in the due course of their business, showing and tending to show that said merchandise had been knowingly and fraudulently entered and passed through the custom-house, the office of the collector of the port and collection district of New York. upon a false classification thereof as to value, and by the payment of less than the amount of duty legally due to the United States, and which said papers were material and important evidence for the United States in any proceedings because of said fraudulent entry. Then follows a statement of various acts charged to have been done to effect the object of the conspiracy.

The second count begins with reciting the pendency of a suit in rem for the forfeiture and condemnation, to the use of the United States, of certain trimmings which had been imported as stated in the first count, for a violation of the laws of the United States, in the importation of said merchandise, and, also, of a suit against the defendants De Grieff and Triacca, for the recovery of damages for a violation of the laws of the United States, in the said importation. It then charges a conspiracy, as in the first count, describing the papers as in the first count, and avers that said papers contained statements from the correspondents, consignors, and purchasing agents of De Grieff & Co., addressed to and received by said firm in the due course of their business, showing and tending to show fraud and violation of the laws of the United States, in the said importation, which papers were evidence for the United States in the prosecution of the suits aforesaid, and in any proceeding by the United States because of the violation of the laws of the United States, in the importation of said merchandise. Then follows a statement of acts done to effect the object of the said conspiracy, as in the first count.

The third · count charges a conspiracy to commit an offence against the United States, that is to say, to wilfully conceal and destroy certain papers relating to certain merchandise, a full description of which is unknown, liable to duty, which had been theretofore imported, for the purpose of suppressing certain evidence of fraud against the United States, therein contained, following with a description of the papers, and a statement of acts done, as in the first count.

The fourth count, after reciting, in the language of the second count, the pendency of suits, charges a conspiracy to commit an offence against the United States, that is to say, to wilfully conceal and destroy certain invoices and papers relating to said dress trimmings, liable to duty, which had been theretofore imported, as stated in the first count, for the purpose of suppressing certain evidence of fraud upon the United States in said importation, following with a list of the said papers described, and averring that said invoices and papers contained statements from the correspondents, consignors, and purchasing agents of De Grieff & Co., addressed to and received by them in the due course of their business. showing and tending to show fraud against the United States, in the importation of said merchandise, and which said papers were important and material evidence for the United States in the prosecution of the said suits, and in any proceedings by the United States because of the violation of the laws of the United States, in the importation of said merchandise. A statement of acts done to effect the object of the conspiracy is then given, as in the first count.

The indictment concludes with the averment, that, by the means aforesaid and in the manner aforesaid, according to the conspiracy, combination and. agreement aforesaid, the defendants committed an offence against the United States.

To this indictment it is objected, that it is bad for uncertainty, because it omits to state facts showing the commission of a fraud upon the United States in connection with the importation of the merchandise described, and because the contents of the papers are not so stated as to enable the court to see that they contained evidence of that fraud.

In support of the objection that the indictment contains no facts showing the commission of a fraud, the argument made is this: Unless there was a fraud upon the United States in connection with the importation of the merchandise described, the papers described could not have contained evidence of such a fraud, and there could be no conspiracy to destroy what did not exist. The foundation of the charge, therefore, is a fraud upon the United States in connection with the importation in question, and facts must be stated to show the commission of such a fraud. The difficulty with this argument, when applied to a case like the present—for a similar argument has been made without avail in regard to indictments for receiving stolen goods and the like (Rosc. Cr. Ev. ·867; Archb. Cr. Prac. 939; Rex v. Jervis, 6 Car. & P. 156. See, also, forms, Archb. Cr. Prac. 441, 869)—is, that it proceeds upon the assumption, that the substance of the offence charged is the fraud upon the United States in the importation of the merchandise described. But, the indictment is for a conspiracy to commit an offence against the United States, not for a fraud upon the United States. The rule applicable to indictments of this character has been thus stated: "When looking at a charge of conspiracy to· commit an offence, we do not require it (the offence) to be set forth with all the precision requisite in describing the offence itself." Latham v. Reg., 5 Best & S. 635. The result of the cases upon the subject in this country is thus stated in State v. Keach, 40 Vt. 113, 117: "The adjudged ca-

ses uniformly recognize the rule, that a general allegation that two or more persons conspired to effect an object criminal in itself, as to commit a misdemeanor or felony, is sufficient, even though the indictment omits all charges of the particular means to be used." In State v. Parker, 43 N. H. 83, 84, it is said: "If it (the object of the conspiracy) is not an offence at common law, but only by statute, the purpose of the conspiracy must be set forth in such manner as to show that it is within the terms of the statute." Judged by these rules, the present indictment is sufficient. It shows that the defendants conspired to commit an offence against the United States, by averring that the object of the conspiracy was to conceal and destroy certain described papers relating to certain described merchandise liable to duty, and theretofore imported into the United States at the port of New York, from Paris, by the firm of De Grieff & Co., for the purpose of suppressing evidence of fraud against the United States, therein contained. The facts which are here stated consist of an act and an intent, i. e., that the defendants agreed together to do a certain act, namely, to conceal and destroy certain papers, for a purpose designated; and, by section 5443, the concealment or destruction of papers of the description given, for the purpose stated, is made an offence against the United States. The indictment, therefore, sets forth the purpose of the conspiracy in such manner as to show that it is within the terms of the statute, and, accordingly, is within the requirement of the law, as stated in the cases above cited.

What it would be necessary to aver and prove if this were an indictment for the offence created by section 5443, it is unnecessary to determine on this occasion, but, it may be remarked, that a construction of the section that would require proof of a fraud as to which the papers destroyed contained evidence, would nullify the statute in many cases, such, for instance, as where the papers destroyed contain the only evidence of a necessary link in the proof of the fraud. It could hardly have been intended that the successful result of the prohibited act should render its punishment impossible. But, however this may be in the case of a prosecution for the offence created by section 5443, in a case like this, where the substance of the charge is an unlawful agreement made for the purpose of effecting a certain result, to require the circumstances attending the fraud to be set forth, would be to require a statement of the evidence intended to be adduced to prove the facts averred. An objection which, in some cases of conspiracy, may be made, that, owing to the circumstances of the case, the indictment, although sufficient in law, fails to inform the particular defendant of the act intended to be proved against him, is, in such cases, met by the tender of particulars. That objection cannot be here made, for the reason, that this indictment, in addition to stating the conspiracy with due particularity of time and place, gives a description of the papers sufficient to identify them, and as full as the circumstances will permit, and, with as much particularity as can be asked where, from the nature of the case, the papers are not under the control of the prosecution, points out the matter in the papers which it was the object of the conspirators to suppress, and thus fully informs the defendant of the charge upon which he is to be tried.

It is further objected, that the indictment fails to show to the court that the matter in the papers would be evidence of a fraud upon the United States. There is no occasion to question the necessity, which this indictment assumes, of proving, in a case like this, that the result sought to be attained by the agreement to destroy these papers was the suppression of evidence of fraud contained in the papers. But, that is a fact to be shown by evidence as to the terms of the agreement and the surrounding circumstances. Whether those facts and circumstances will warrant the jury in saying that the result which the defendants sought to attain by this conspiracy was that charged in the indictment, is to be determined when the evidence has been given at the trial. It cannot now be determined by the court. Plainly, it would be impossible for the indictment to show to the court that the matter contained in the letters destroyed tended to show that a fraud had been committed, unless it contained the evidence going to explain the statements in the letters, and their significance as bearing upon the question of fraud; and there is no ground to contend that such should be the contents of an indictment of this character. What has, in cases similar, been deemed sufficient for an indictment, may be seen by referring to the form of an indictment for conspiring to suppress evidence, given in 5 Cox, Cr. Cas. Append. No. 3, p. 9.

The decision of the supreme court of the United States in U. S. v. Cruikshank, 92 U. S. 542, has been pressed upon my attention, as a controlling authority adverse to the conclusion above indicated. But, the indictment in Cruikshank Case was not for a conspiracy to commit an offence, and the determination in respect thereto cannot, therefore, be authority in a case like this. That indictment was under the 6th section of the enforcement act of May 30, 1870 (16 Stat. 141), now found, in a modified form, in section 5508 of the Revised Statutes, which makes it an offence against the United States to conspire to do certain described acts with a certain described intent. The ingredients of the offence are found in the provision creating it, and the court held that all those ingredients must be stated in the indictment, with such specification of detail as to enable the court to see that the offence created by the enforcement act had been committed. The present indictment is for a conspiracy of a

different character, made an offence by a different statute, and having different ingredients. By the section under which this indictment is drawn, a crime is committed when the agreement is to commit any offence against the United States, without regard to the result sought to be attained by making the agreement. It is true, that the opinion of the supreme court in the Case of Cruikshank deals, to a certain extent, with the general requisites of an indictment; but I fail to find there any indication of an intention to lay down a rule in regard to the requirements of an indictment like the present, or to state any rule at variance with the law declared in the cases from which I have above quoted. On the contrary, two of those cases are cited with apparent approval, in the opinion of the court. The opinion, indeed, supports the present indictment, for, by way of illustration, it refers to a statute of Maine similar in character to the statute upon which this indictment is drawn, where it is made an offence to conspire to commit any crime punishable by imprisonment in the state prison; but it points out, that an indictment under the statute of Maine, to be good, must specify the crime charged as the object of the conspiracy, so as to enable the court to see whether it be one punishable by imprisonment in the state prison. The present indictment, so judged, is sufficient, for, the charge made is not general, that the defendants conspired to commit an offence against the United States, but it descends to particulars and particularizes the act as being an agreement between the defendants to conceal and destroy certain described papers relating to the importation of certain merchandise, entered into by the defendants for the purpose of suppressing evidence of fraud in connection with that importation, contained therein. The act thus particularized is made by statute an offence against the United States, and it thus appears, that, if proved, it will support a conviction under section 5440. While, therefore, the determination in Cruikshank's Case, cannot control the determination in any case like this, the opinion there delivered is in harmony with the conclusion that the present indictment is sufficient in law to put the defendants upon their trial.

The remaining objection to be considered is, that, upon the showing of the indictment, the defendants should have been charged under section 5443 and cannot be charged under section 5440. This objection is not pressed upon the ground of merger. Clearly, it could not be pressed on that ground, for, there is no merger in crimes of equal rank, such as misdemeanors. U. S. v. McKee [Case No. 15,688]. But, it is supposed that a different ground is taken, by claiming that the facts stated in the indictment show that the conspiracy complained of forms part of an accomplished crime, made punishable by section 5443, and cannot, therefore, be

made the subject of a prosecution under section 5440. But, if there be no merger, there is no force in this suggestion. It may well be, that one who has been once tried upon a charge of an offence under section 5443 cannot be again tried under section 5440, for a conspiracy that formed an element of the offence already tried. No such question is here raised. Here, the question is, whether it is competent for the government to put the defendants upon trial for having done what by section 5440, is made an offence against the United States, they never having been before called in question for that act. That offence not having been merged in any other offence, there is no possible ground on which to decide that it cannot be prosecuted. The Case of McKee, above cited, is an authority adverse to such a contention.

The motion to quash is, for these reasons, denied.

[Defendants did not appear, and their bail was forfeited. For an action at law upon the recognizance, see Case No. 14,935a.]